### H. HORSTMAN ET AL V. SAM. G. LITTLE.

#### No. 1517.  Decided February 26, 1906.

**Bankruptcy—Preference of Creditors.**

The transfer of property by an insolvent to sureties upon his note, in consideration of their personal undertaking to pay such debt, and their sale of it to one assuming and paying such debt, without giving the creditor any right in the property transferred, and without proof that his debt was paid out of the proceeds of the property, does not render him liable to the trustee in bankruptcy for the amount so received, under section 60a of the United States Bankruptcy Act of 1898—such creditor not having been enabled by the transfer to secure a greater percentage of his debt out of the property of the insolvent than other creditors of the same class.  (Pp. 532, 533.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Milam County.

Little, trustee in bankruptcy, sued Horstman and others, and obtained judgment.  Defendants appealed, and on affirmance secured writ of error.

*T. S. Henderson* and *Freeman & Morrison,* for the Citizens' National Bank, plaintiff in error.  (The same counsel also filed briefs for the other plaintiffs in error.)—The Act of congress in relation to bankruptcy, does not attempt to impose liability to the trustee in bankruptcy upon any person, unless such person has received a preference or a benefit by reason of some act or conduct on the part of the bankrupt which enables such person to receive from the bankrupt's estate a greater percentage of his debt than other creditors of the same class.

The record in this case, discloses that the Citizens National Bank never did receive any of the bankrupt's property or any of the proceeds of the sale thereof, and that it was in no manner benefited by any act of such bankrupt, and that it never did receive any payment from such bankrupt, or from his estate, within four months of the filing of the petition in bankruptcy, or at any other time, therefore, any judgment against such bank, is entirely without support in either facts or law.

*Davis & Cocke* and *Nelson & Little,* for defendant in error.—A suit to recover a preference can be maintained against the person receiving it, the party to be benefited thereby, or anyone who may have held the property transferred for their benefit or others.  Bankrupt Act, sec. 60; Collier on Bankruptcy, p. 426; Western Tie and Timber Co. v. Brown, 129 Fed. Rep., 728.

Section 60a furnishes the legal and controlling definition of the preference, etc.  The test of a preference is the payment, out of the bankrupt's estate, of a larger percentage of the claim of a creditor than other creditors of the same class receive from that estate, and it is not whether or not, in view of the obligations of sureties to pay the claim the payment benefited the preferred creditor.  The test of the classification of creditors under the Bankrupt Act of 1898 is the percentage of their claims they are entitled to draw out of the estate of the

bankrupt, and not the relations of the creditors to parties other than the bankrupt. Swarts v. Fourth Nat. Bank, 117 Fed. Rep., 1; Western Tie & T. Co. v. Brown, 129 Fed. Rep., 728; Goldman v. Smith, 93 Fed. Rep., 182.

BROWN, ASSOCIATE JUSTICE.—On the 22d day of April, 1901, Frances M. Johnson was doing a mercantile business in the town of Buckholts, Milan County, Texas, and on that day Johnson borrowed from the Citizens National Bank $800.00, executing a note which was made payable January 1, 1902, signed by Johnson and H. Horstman and H. W. Steinman, the latter two being accommodation makers. Johnson used the borrowed money in his mercantile business. On October 10, 1901, Johnson being insolvent, sold his stock of goods and his notes and accounts to Horstman & Steinman, they agreeing in 'consideration thereof to pay the debt due to the Citizens National Bank and a note for $420.00 which Johnson owed to the First National Bank. The Citizens National Bank knew that Johnson had sold his goods, notes and accounts to Horstman & Steinman in consideration that the latter would pay the debt due to the Citizens National Bank, but the other bank did not know of the agreement to pay its debt. The jury found that Horstman & Steinman did not act in good faith. The Cooper Grocery Company and Behren's Drug Company each filed a suit in the district court of McLennan County against F. M. Johnson, and in each suit a writ of attachment was issued and levied upon the stock of goods which was then in the hands of Horstman & Steinman, who filed an affidavit and bond under the statute to try the right of property, and the goods were by the sheriff delivered to them. Horstman & Steinman then sold the goods to Newton & Lyons, who knew that Johnson had sold the goods to Horstman & Steinman with the agreement that they should pay the debts of the two banks, and Newton & Lyons, in consideration of the transfer to them of the same goods, agreed that they would pay the same debts in accordance with Horstman & Steinman's agreement. The suits in McLennan County were dismissed but no action was taken in the case pending in Milam County for the trial of the right of property. The jury did not find that the debt of either bank was paid out of the property which Johnson transferred to Horstman & Steinman, or out of the proceeds of any of that property, and there is no finding that either Horstman & Steinman or Newton & Lyons received the goods with the understanding that the particular goods or their proceeds should be applied to the payment of those debts. About December 27, 1901, on the petition of his creditors, Johnson was adjudged to be bankrupt by the United States Circuit Court sitting at Waco, Texas, and Sam G. Little was appointed trustee of the bankrupt's estate. Little, as trustee, instituted this suit against Horstman & Steinman alone to recover the value of the goods, notes and accounts transferred to them by Johnson, charging that the sale was made to give to them an unlawful preference. On September 4, 1903, Little, as trustee, by amendment to his petition, made both of the banks and Newton & Lyons parties to the suit, charging that each bank knew that the transfer from Johnson to Horstman & Steinman was had for the

unlawful purpose of creating a preference and that the debt of each bank had been paid out of the goods or proceeds thereof. The petition charged that Newton & Lyons when they purchased the goods knew that Johnson had transferred them to Horstman & Steinman for the purpose of creating a preference and to defraud his creditors. The case was submitted on special issues and the jury returned a special verdict from which the foregoing statement of facts has been made. Upon the special verdict judgment was rendered in the District Court in favor of Little, as trustee, against Horstman & Steinman, Newton & Lyons and the Citizens National Bank, but in favor of the First National Bank.

We find no reversible error in the record as to Horstman & Steinman and Newton & Lyons, therefore the judgment as to those parties is affirmed.

The bankrupt law of the United States, in force at the time this transaction occurred, contained the following provisions: "Sec. 60a. A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class." The liability of the Citizens National Bank depends upon whether or not it comes within the prohibition of the section above quoted. Unquestionably Horstman & Steinman are within the terms of the statute, and the conveyance to them was an unlawful preference, because by the enforcement of the contract they secured themselves against their liability on the $800.00 note due the Citizens National Bank, upon which they were Johnson's sureties, appropriating the assets of the estate. But the question arises, did the enforcement of that contract enable the Citizens National Bank to secure out of Johnson's estate a larger percentage of its debt than other creditors would receive? As between Horstman & Steinman and the other creditors of Johnson the enforcement of the contract took away from the estate of Johnson property which otherwise would have been distributed to all of the creditors; but that property so taken from the estate was not applied to the debt of the Citizens National Bank, hence there was no preference of the bank in that transaction. When Horstman & Steinman sold the goods to Newton & Lyons they assumed the payment of the Johnson note to the Citizens National Bank, but no part of the estate of Johnson was pledged or appropriated to the payment of that debt,—Newton & Lyons became personally bound to pay it,—therefore in no sense can it be said that the body of the estate of the bankrupt was reduced in value by the assumption of the Johnson debt by Horstman & Steinman or Newton & Lyons. Swartz v. Fourth National Bank, 117 Fed. Rep., 4. In the case cited the court used the following language which is pertinent and applicable to the facts of this case: "The plain intention of Congress, and the legal effect of the paragraph, were to make every transfer of any of the insolvent's property, by means of which a larger percentage would be paid out of his estate to any creditor, or on any claim, than every other creditor and every other claim of the same

class would receive, a preference to be surrendered or avoided under the other provisions of the statute. The meaning and effect of section 60a are the same as though it declared every transfer of his property by an insolvent to be a preference which has the effect to "enable any one of his creditors to obtain a greater percentage of his debt" out of the property of the insolvent "than any other of such creditors of the same class." The test of a preference, under the act, is the payment, out of the bankrupt's property, of a larger percentage of the creditor's claim than other creditors of the same class receive, and not the benefit or injury to the creditor preferred."

The Citizens National Bank did not participate in making the contract by which the estate of Johnson passed to Horstman & Steinman, nor that by which Newton & Lyons acquired the property from the former. It acquired no right in the property and had no power to prevent the transaction. There can be no unlawful preference unless property of the bankrupt's estate be applied to the payment of one creditor so that the common fund is diminished. Applying the test laid down in the case cited, it does not matter that the bank may have been benefited by getting additional security; the payment was not made out of the bankrupt's property, without which there could be no preference of the bank's debt and the facts show no cause of action against it. It is therefore ordered that the judgment of the District Court and of the Court of Civil Appeals be reversed and that judgment be here rendered that Sam G. Little, trustee, take nothing by his suit as against the Citizens National Bank and that the said bank go hence without day and recover of the said Sam G. Little, trustee, all of its costs in this cause expended.

*Reversed and rendered.*